O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-3904 |
| | § | |
| STAR-TEL, INC., IXL MANAGEMENT, | § | |
| INC., AMERICAN INDUSTRIES LIFE | § | |
| INSURANCE COMPANY, AMERICAN | § | |
| INDUSTRIES CAPITAL COMPANY, | § | |
| LTD., and WILLIAM E. | § | |
| STEPHENSON, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are the following: Plaintiff United States of America's Motion for Summary Judgment (Document No. 26) and Motion for Summary Judgment to Set Aside Fraudulent Transfer (Document No. 35); and Defendant IXL Management, Inc.'s Motion for Summary Judgment (Document No. 37) and Motion to Strike (Document No. 44). After carefully considering the motions, responses, replies, and the applicable law, the Court concludes as follows:

I.  Background

This is a tax collection case.  Plaintiff United States of America ("United States" or "Government") brings this action against Defendants Star-Tel, Inc. ("Star-Tel"), William E. Stephenson ("Stephenson"), IXL Management, Inc. ("IXL"), American

Industries Life Insurance Company ("AILI"), American Industries Capital Company, Ltd. ("AICC") (collectively, "Defendants"), seeking: (1) to reduce to judgment certain unpaid federal excise (Form 720) and employment (Form 941) tax liabilities reported by Star-Tel on its federal tax returns; (2) to reduce to judgment the unpaid Trust Fund Recovery Penalty assessed against Stephenson under Internal Revenue Code ("IRC") § 6672, 26 U.S.C. § 6672; (3) to set aside the conveyance of real property located at 1200 Briarcrest in Brazos County, Texas (the "Property") from Star-Tel to IXL as fraudulent against the United States; and (4) to foreclose federal tax liens on the Property.[1]

In response, IXL denies that Star-Tel's conveyance of the Property was fraudulent. IXL argues that it purchased the Property in good faith for reasonably equivalent value and contends that one of the Government's claims is barred by the Texas Uniform Fraudulent Transfer Act's ("TUFTA") claim extinguishment provisions. Finally, IXL asserts several cross-claims against Star-Tel and Stephenson, including claims for fraud, breach of

---

[1] The Property was sold to a third party on June 30, 2005. Following the payment of the mortgage, property taxes, and the expenses of sale, proceeds in the amount of $362,182.83 were deposited into the registry of this Court pending resolution of the fraudulent transfer issue between the United States and IXL. Defendants American Industries Life Insurance Company and American Industries Capital Company, Ltd., who loaned IXL the money to purchase the Property from Star-Tel, have been paid the amounts that they were owed and therefore no longer have an active role in this litigation. *See* Document No. 48 at 2.

contract, and violations of the Texas Deceptive Trade Practices Act.

## II. Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct.

2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

A properly and sufficiently supported motion for summary judgment should be granted unless, pursuant to Rule 56(e), the opponent of such motion "set[s] forth specific facts showing that there is a genuine issue for trial." *See* Gibson v. Rich, 44 F.3d 274, 277 (5th Cir. 1995) (citing Anderson, 106 S. Ct. at 2511). A motion for summary judgment "cannot be granted simply because there is no opposition." Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the unopposed motion and grant summary judgment when a prima facie showing for entitlement to judgment is made. *See* Eversley v. MBank

4

Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Rayha v. United Parcel Serv., Inc., 940 F. Supp. 1066, 1068 (S.D. Tex. 1996) (Gilmore, J.).

### III. Discussion

A. Plaintiff's Motion for Summary Judgment Against Star-Tel and Stephenson

1. Star-Tel's Tax Liability

The Government moves for summary judgment against Star-Tel, seeking to reduce its tax liabilities to judgment. Although Star-Tel was duly served with Summons and a copy of the Government's Complaint, *see* Document No. 5, it appears that Star-Tel never moved, answered, or otherwise pleaded in response to the Complaint. Accordingly, the Court will treat the Government's motion as a motion for default judgment supported by evidence of damages.

According to the Government, as of June 30, 2005, Star-Tel owes $332,355.91 in unpaid federal excise (Form 720) and employment (Form 941) taxes, penalties, statutory additions, and interest for the quarterly tax periods ending March 1997, June 1997, December 1997, March 1998, June 1998, September 1998, March 1999, June 1999, September 1999, December 1999, March 2000, September 2000, March 2001, and December 2001. *See* Document No. 36 ¶ 2. As evidence of Star-Tel's tax liabilities, the United States has submitted a Form 4340 Certificate of Assessments and Payments by Star-Tel for each

of the tax quarters at issue.  *See* Document No. 28 ex. 1.  These certificates identify all relevant assessments made against Star-Tel, all credits made to those assessments, and all penalties and interest assessed on the assessments as of September 3, 2003, and they establish that the following amounts remain due and owing from Star-Tel:

| Tax Quarter | Assessment Date | Assessed Amount | Unpaid Balance (9/3/2003) |
|---|---|---|---|
| March 1997 (Form 720) | October 18, 1999 | $21,957.27 | $6,892.50 |
| June 1997 (Form 720) | October 18, 1999 | $24,450.80 | $14,309.51 |
| December 1997 (Form 720) | October 18, 1999 | $21,531.17 | $11,673.08 |
| March 1998 (Form 720) | October 18, 1999 | $18,900.98 | $30,241.40 |
| June 1998 (Form 720) | October 18, 1999 | $18,839.43 | $26,521.13 |
| September 1998 (Form 720) | October 25, 1999 | $19,634.74 | $29,812.31 |
| March 1999 (Form 720) | September 11, 2000 | $15,553.70 | $21,227.39 |
| June 1999 (Form 720) | September 11, 2000 | $15,660.95 | $20,947.42 |
| September 1999 (Form 720) | September 11, 2000 | $13,290.02 | $17,408.52 |
| December 1999 (Form 720) | September 11, 2000 | $11,669.25 | $14,987.48 |
| March 2000 (Form 720) | September 11, 2000 | $9,801.59 | $11,410.14 |
| September 2000 (Form 720) | December 25, 2000 | $8,402.34 | $840.23 |
| March 2001 (Form 720) | June 18, 2001 | $6,225.02 | $516.38 |
| December 2000 (Form 941) | March 19, 2001 | $23,711.13 | $386.31 |
| March 2001 (Form 941) | June 25, 2001 | $26,953.81 | $46.01 |
| **TOTAL:** | | | **$207,228.81** |

*See* Document No. 28 ex. 1.

The certificates constitute valid evidence of Star-Tel's assessed liabilities and the IRS's notice thereof.  Perez v. United States, 312 F.3d 191, 195 (5th Cir. 2002); United States v.

6

McCallum, 970 F.2d 66, 71 (5th Cir. 1992) (citations omitted). Accordingly, the United States has demonstrated that it is entitled to judgment against Star-Tel in the amount of $207,228.81 as of September 3, 2003, plus penalties, statutory additions, and interest thereafter as provided by law.[2]

2. Stephenson's Liability

The Government also moves for summary judgment against Stephenson under 26 U.S.C. § 6672 as the person responsible for the unpaid employment and excise tax liability of Star-Tel. Stephenson has not filed a response and, in accordance with Local Rule 7.4, the motion is deemed unopposed.

IRC § 6672 provides that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . shall . . . be liable for a penalty equal to the total amount of the tax not collected, or not accounted for or paid over." 26 U.S.C. § 6672(a).[3]  "The penalty

---

[2] Although the Government states in its brief that the total amount of taxes, penalties, and interest owed by Star-Tel as of June 30, 2005, is $332,355.91, see Document No. 36 ¶ 2, the summary judgment record contains no evidence in support of this additional amount.  The Government shall therefore have fourteen (14) days after entry of this Order in which to file verified proof of the amount of penalties, statutory additions, and/or interest accrued from September 3, 2003, through the date of entry of this Order.

[3] IRC §§ 3102(a), 3402(a), and 4251 required Star-Tel to collect, truthfully account for, and pay over to the United States

7

is imposed on the 'responsible person,' that is, the person who (1) was responsible for either collecting, truthfully accounting for, or paying over such taxes, and (2) willfully failed to do so." United States v. Watson, 102 F. Supp. 2d 351, 353 n.2 (S.D. Tex. 1999) (citations omitted) (Atlas, J.). "Once the Government offers an assessment into evidence, the burden of proof is on the taxpayer to disprove his responsible-person status or willfulness." Barnett v. IRS, 988 F.2d 1449, 1453 (5th Cir. 1993).

The United States has submitted Form 4340 Certificates of Assessments and Payments evidencing the following § 6672 assessments against Stephenson:

| Tax Quarter | Assessment Date | Assessed Amount (After Credits) |
|---|---|---:|
| December 1997 | November 26, 2001 | $1,037.22 |
| March 1998 | November 26, 2001 | $18,900.98 |
| June 1998 | November 26, 2001 | $18,839.43 |
| September 1998 | November 26, 2001 | $19,634.74 |
| March 1999 | November 26, 2001 | $15,553.70 |
| June 1999 | November 26, 2001 | $15,660.95 |
| September 1999 | November 26, 2001 | $13,290.02 |
| December 1999 | November 26, 2001 | $11,669.25 |
| March 2001 | November 26, 2001 | $9,801.59 |
| **TOTAL:** | | **$124,387.88** |

See Document No. 28 ex. 2. Thus, Stephenson bears the burden of adducing evidence that creates a genuine issue of material fact as

---

on a quarterly basis employment taxes withheld from the wages of Star-Tel employees and communication excise taxes paid by Star-Tel's customers. 26 U.S.C. §§ 3102(a), 3402(a), and 4251.

to his responsible person status or willfulness. *See*, *e.g.*, Sutton v. United States, 194 F. Supp. 2d 559, 563 (E.D. Tex. 2001).

Although served with the Government's motion for summary judgment, Stephenson did not file a response or otherwise attempt to raise a genuine issue of material fact as to his responsible person status, the validity of the assessments, or the amount of the § 6672 penalties presently due and owing. Accordingly, the United States is entitled to summary judgment against Stephenson in the amount of $124,387.88 as of January 28, 2005, plus statutory additions and interest thereafter as provided by law.[4]

B.  Cross-Motions for Summary Judgment: the Government's Fraudulent Transfer Claims

Both the Government and IXL move for summary judgment on the Government's claims that Star-Tel's conveyance of the Property to IXL was a fraudulent transfer within the meaning of TUFTA. Under TUFTA, several types of transfers are deemed fraudulent and invalid as to creditors, including transfers that are made by the debtor: (1) with actual intent to hinder, delay, or defraud the creditor; (2) for less than reasonably equivalent value when the debtor

---

[4] Although the Government states that the total amount owed by Stephenson as of March 25, 2005, is $146,345.89, *see* Document No. 27 ¶ 16, the Court has not located in the summary judgment record evidence of this additional amount. The Government shall therefore have fourteen (14) days after entry of this Order in which to file verified proof of the amount of interest accrued from January 28, 2005, through the date of entry of this Order.

intended to incur, or believed or reasonably should have believed he would incur, debts beyond his ability to pay as they became due; and (3) for less than reasonably equivalent value when the debtor was insolvent or became insolvent as a result of the transfer. *See* TEX. BUS. & COM. CODE ANN. §§ 24.005(a)(1)-(2); 24.006(a). The Government argues that Star-Tel's transfer of the Property is voidable under each of these provisions.

According to the Government, on October 22, 1999--two and one-half months after Star-Tel filed federal excise tax returns reporting an outstanding liability of $115,314.39 and four days after the IRS assessed against Star-Tel approximately $145,396.06 in taxes, penalties, and interest--Stephenson, on behalf of Star-Tel, fraudulently transferred the Property to IXL, a corporation formed just nine days earlier and solely controlled by Stephenson's own brother, who was himself a former employee of Star-Tel. The Government argues that Stephenson caused Star-Tel to transfer the Property to IXL for inadequate consideration despite knowing of Star-Tel's outstanding federal excise tax liability and despite knowing of Star-Tel's inability to pay that debt. Accordingly, the Government seeks a judgment against IXL setting aside the transfer as fraudulent.[5]

---

[5] TUFTA provides that to the extent a transfer is voidable, the creditor may recover judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claim, whichever is less, against "the first transferee of the asset." *See* TEX. BUS. & COM. CODE § 24.009(b).

In response, IXL objects to and moves to strike all evidence submitted by the Government in support of its motion for summary judgment, arguing that the documents have not been properly authenticated and/or are inadmissible hearsay. Because none of the Government's evidence is competent summary judgment evidence, IXL argues, the Government has presented no evidence in support of its TUFTA claims. Thus, IXL has filed a no-evidence motion for summary judgment on each of the Government's claims.[6]

After carefully reviewing the evidence submitted by the parties in support of and in opposition to the cross motions for summary judgment, and after disregarding the Government's evidence as to which IXL's objections are meritorious, the Court finds that genuine issues of material fact exist that preclude summary judgment for either party. Specifically, the Court finds that fact issues exist regarding: (1) whether Star-Tel conveyed the Property to IXL with actual intent to defraud the United States; (2) whether

---

[6] In addition, IXL asserts that the Government's claim under TUFTA § 24.006(b)--which deems fraudulent any transfer made to an insider for an antecedent debt if the debtor was insolvent and the insider had reasonable cause to believe that the debtor was insolvent--is time barred under the applicable one-year claim extinguishment provision. *See* Tex. Bus. & Com. Code § 24.010(a)(3). However, the Government is not bound by this provision; rather, fraudulent transfer actions brought by the Government to collect unpaid taxes are governed by the ten-year limitations period set forth at 26 U.S.C. § 6502(a)(1). *See* United States v. Bantau, 907 F. Supp. 988, 991 (N.D. Tex. 1995); *accord* United States v. Gaona, No. SA-04-CA-00151-RF, 2004 WL 3186398, at *2-4 (W.D. Tex. Dec. 22, 2004). Accordingly, IXL is not entitled to summary judgment on this ground.

11

the consideration Star-Tel received from IXL in exchange for the Property constituted a reasonably equivalent value; and (3) whether IXL was a good faith purchaser.[7]  Both motions for summary judgment must therefore be denied.

## IV.  Order

Based on the foregoing, it is

ORDERED that Plaintiff United States of America's Motion for Summary Judgment (Document No. 26) against Defendants Star-Tel, Inc. and William E. Stephenson is GRANTED, and the United States shall have and recover from Defendant Star-Tel, Inc. the sum of TWO HUNDRED SEVEN THOUSAND, TWO HUNDRED TWENTY-EIGHT AND 81/100 DOLLARS ($207,228.81) as of September 3, 2003, plus penalties, statutory additions, and interest thereafter as provided by law; and from Defendant William E. Stephenson the sum of ONE HUNDRED TWENTY-FOUR THOUSAND, THREE HUNDRED EIGHTY-SEVEN AND 88/100 DOLLARS ($124,387.88) as of January 28, 2005, plus statutory additions and interest thereafter as provided by law.  It is further

---

[7] A transfer is not voidable against the transferee under § 24.005(a)(1) [which deems fraudulent transfers made with actual intent to defraud] if the transferee took the property in good faith and for reasonably equivalent value. *See* TEX. BUS. & COM. CODE § 24.009(a).  If the transferee took the property in good faith but did not pay reasonably equivalent value, the transferee may be entitled to a priority lien to the extent of the value actually given.  Id. § 24.009(d)(1).

ORDERED that the United States shall, within fourteen (14) days after entry of this Order, file verified proof, including the basis and details for all such calculations, of the amount of penalties, statutory additions, and/or interest accrued against Defendant Star-Tel from September 3, 2003, through the date of entry of this Order; and the amount of statutory additions and/or interest accrued against Defendant William Stephenson from January 28, 2005, through the date of entry of this Order.  It is further

ORDERED that the United States's Motion for Summary Judgment to Set Aside Fraudulent Transfer (Document No. 35) and Defendant IXL Management, Inc.'s Motion for Summary Judgment (Document No. 37) are DENIED, and IXL's Motion to Strike (Document No. 44) is DENIED as moot.  Remaining for trial are the Government's fraudulent transfer claims, IXL's defenses thereto, and IXL's cross-claims against Defendants Star-Tel and Stephenson.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas this 26th day of October, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE